IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANDRE P. LOUIS,

    Plaintiff,
v.                                                       CASE NO. 1:15-cv-84-MP-GRJ

TOYOTA FINANCIAL SERVICES,

    Defendant.

_____/

# REPORT AND RECOMMENDATION

This case is before the Court on Plaintiff's *pro se* Second Amended Complaint. (Doc. 15.) For the following reasons, the undersigned recommends that the case should be dismissed because the Court does not have subject matter jurisdiction and the amended complaint fails to state a claim upon which relief may be granted.

## I. Background

Plaintiff initiated his complaint on April 30, 2015, Doc. 1, and was granted leave to proceed *in forma pauperis* on May 5, 2015, Doc. 5. Plaintiff subsequently filed an amended complaint on June 1, 2015, Doc. 6, that failed to state a claim under 42 U.S.C. § 1983, and failed to adequately plead a federal cause of action. (Doc. 7.) Because Plaintiff is proceeding *pro se*, the Court gave Plaintiff one final opportunity to amend his complaint. (Doc. 7.) Plaintiff has now filed his Second Amended Complaint, in which he continues to assert that the Court has jurisdiction over his claims under 28 U.S.C. § 1332, and 42 U.S.C. § 1983. (Doc. 15.) Plaintiff further purports to bring various claims, including: (1) Breach of Warranty under Connecticut law; (2) Fraud and

Violation of Connecticut Unfair Trade Practices Act ("CUTPA"); (3) Deprivation of due process right of property; (4) Violation of the Truth in Lending Act ("TILA");[1] (5) Violation of Plaintiff's Equal Rights; (6) Violation of Plaintiff's Right to Free Speech; and (7) Violation of Plaintiff's Rights as a United States Citizen. (Doc. 15.) Plaintiff has named Toyota Financial Services as the sole Defendant.

While Plaintiff's factual allegations are limited and difficult to distinguish from the law set forth in his complaint, Plaintiff's amended complaint appears to revolve around a Chevy Malibu purchased in either 2006 or 2007 for $17,000 from the Crab Tree Dealer in Westport, Connecticut. According to Plaintiff, Defendant failed to inform Plaintiff about the vehicle's history, previous ownership, and title status. Plaintiff also claims that Defendant charged him a higher price than he would have been charged had Plaintiff purchased the car in cash, and "did not value [P]laintiff as an individual person." Further, Defendant allegedly failed to provide Plaintiff with a final disclosure statement at the time of his loan closing, failed to enforce Plaintiff's warranty, and refused to issue the vehicle title to Plaintiff. Finally, Plaintiff asserts that a security job motivated him to purchase the vehicle, from which he would have earned a total of $161,280 over the seven-year-post-purchase period. Plaintiff seeks a permanent injunction to prevent Defendant from committing future violations of the Federal Civil Rights Act, Federal laws, and the United States Constitution, as well as monetary

---

[1] Plaintiff asserts two separate TILA violation counts: Count 4 and Count 7. (Doc. 15.) However, there appears to be no distinction between the two, so the Court will therefore consider the two counts as one.

damages for each violation alleged in his complaint. (Doc. 15.)[2]

## II. Standard of Review

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

The screening process under 28 U.S.C. § 1915(e)(2)(B) applies to *pro se* litigants who are proceeding in forma pauperis. A court may *sua sponte* dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. "The Supreme Court's most recent formulation of the pleading specificity standard is that 'stating such a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the required element. *Twombly*, 550 U.S. at 555; *see also Cobb v. Florida*, 293 F. App'x

---

[2] Plaintiff does not request a specific dollar amount in his request for "monetary damages." (Doc. 15.)

708 (11th Cir. 2008) (applying *Twombly* to a prisoner's *pro se* complaint brought under 42 U.S.C. §1983 and dismissing the claim pursuant to 28 U.S.C. §1915A). In considering the dismissal of a complaint under 28 U.S.C. § 1915A(b)(1), the court accepts factual allegations in the complaint as true, and *pro se* pleadings are liberally construed. *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### III.  Discussion

*A. Subject Matter Jurisdiction*

It is abundantly clear that Plaintiff has been and will continue to be unable to state a cause of action that can be brought in federal court. At the outset, Plaintiff's second amended complaint continues to present the same subject matter jurisdictional problems that the Court previously identified. (Doc. 7.)

Federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking. *See, e.g.*, *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004). The Court has subject matter jurisdiction over cases involving a federal question. 28 U.S.C. § 1331. Although Plaintiff asserts that the Court has jurisdiction over his matter based on his allegation of a § 1983 claim, Plaintiff's § 1983 claim fails for the same reasons previously outlined by the Court. (Doc. 7.) Plaintiff cannot bring a claim against Defendant pursuant to 42 U.S.C. § 1983 because Defendant is not a state actor nor does Defendant act under color of state law.

To state a claim under § 1983, the conduct complained of must have been committed by a person acting under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). To show that a plaintiff was deprived of a federal right by a person acting under color of state law, the plaintiff must show that his alleged constitutional deprivation was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that the party that caused the alleged constitutional deprivation is a state actor. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). Private parties can be deemed as state actors "only in rare circumstances." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). Private defendants will be deemed "state actors" only if one of the following conditions is met:

> (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise ("nexus/joint action test").

*Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (internal quotations omitted).

Defendant—Toyota Financial Services—is a private company, not a state actor subject to § 1983 liability. It is unclear why or how Plaintiff deems Defendant a "state actor," nor does Plaintiff assert any facts in his second amended complaint that suggests Defendant would constitute such. Nothing indicates that "the State has coerced or at least significantly encouraged the action alleged to violate the Constitution." *Id.* ("State compulsion test"). Likewise, nothing suggests that Defendant, a private financial services company, performed a "public function that was traditionally

the exclusive prerogative of the State." *Id.* ("public function test"). Finally, nothing in Plaintiff's second amended complaint gives rise to the idea that "the State had so far insinuated itself into a position of interdependence with the private part[y] that it was a joint participant in the enterprise." *Id.* ("nexus/joint action test"). Merely operating as a business under state law is insufficient to render Defendant a "state actor."[3] Thus, Plaintiff fails to assert a proper § 1983 claim to demonstrate that the Court has subject matter jurisdiction based on a federal question.

The Court also lacks diversity jurisdiction over Plaintiff's claim. The Court has subject matter jurisdiction over cases where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Plaintiff claims that the Court has diversity jurisdiction over his claims because he is citizen of Florida, Defendant is a citizen of Georgia based on its principal place of business, and the amount in controversy exceeds $75,000. (Doc. 15.) However, Defendant's alleged citizenship is deficient because the second amended complaint does not allege Defendant's state of incorporation. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"). As such, the Court is unable to determine that there is complete diversity of citizenship between the parties.

---

[3] Citing what Plaintiff appears to have meant as *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970), Plaintiff asserts, "[e]ven if Defendant [did not] act pursuant [to State] statute [P]laintiff may still show that Defendant acted pursuant to the custom or usage that had the force of law in the state." However, Plaintiff completely fails to address how this case law may apply to the facts in his case.

*Case No: 1:15-cv-84-MP-GRJ*

Even assuming, arguendo, that there was complete diversity of citizenship, Plaintiff's claim still fails to meet the $75,000 amount in controversy requirement. Plaintiff alleges a $17,000 purchase price for the Chevy Malibu and states that he surpasses the $75,000 threshold based on the $161,080 in potential wages he would have earned from a security job that motivated him to purchase the vehicle. (Doc. 15.)[4] However, Plaintiff's potential wages are merely that: potential and speculative. Moreover, nothing suggests that Plaintiff's purchasing the car was a direct cause of the alleged potential lost wages. Plaintiff fails even to assert that he ever actually obtained the security job.  Even assuming Plaintiff had secured the security job, his assertion of potential wages over the course of seven years is also speculative because it is simply impossible to know whether he would have indeed remained at that job for those seven years. Plaintiff's speculative potential wages from a speculative job for a speculative number of years are woefully insufficient to meet the amount in controversy requirement. *See Moreland v. Suntrust Bank*, 981 F. Supp. 2d 1210 (M.D. Fla. 2013) (holding that the amount of plaintiff's future lost wages was merely speculative and could not be used to determine the amount in controversy); *Snead v. AAR Mfg., Inc.*, No. 8:09-cv-1733-T-30EAJ, 2009 WL 3242013, at *3 (M.D. Fla. Oct. 6, 2009) (noting that the jurisdictional amount "cannot be satisfied by speculation as to the amount of damages through the date of trial").

Consequently, this Court does not have diversity jurisdiction over Plaintiff's

---

[4] Plaintiff claims that the security position was to start at $12.00 per hour and he would have earned $23,040 per year. (Doc. 15.) Plaintiff asserts that over the course of the following seven years after purchasing the car he would have made $161,080 from the security job. (Doc. 15.)

claims, nor does the Court have federal question jurisdiction over Plaintiff's claims based on 42 U.S.C. § 1983.

### B. Statute of Limitations

Plaintiff's second amended complaint purports to assert a violation of TILA, 15 U.S.C. § 1601. While a TILA could be basis for the Court to assert subject matter jurisdiction based on a federal question, Plaintiff's TILA claim is long since barred by the applicable statute of limitations.

The Court may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Ga. Pardons & Parole Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990). The statute of limitations is a matter that may be raised as an affirmative defense. Fed. R. Civ. P. 8(c)(1). Pursuant to 15 U.S.C. § 1640(e), claims under TILA alleging a lender's failure to make required disclosures in connection with a loan application must be brought within one year. The statute of limitations begins to run from the date of the credit application. *Barnes v. Compass Bank*, 568 F. App'x 743, 744 (11th Cir. 2014).

Based upon the allegations appearing on face of Plaintiff's second amended complaint, it is clear that Plaintiff completed his credit application with Defendant more than one year ago. (Doc. 15.) While Plaintiff does not assert a specific date upon which he completed the loan application, it is evident that it was at least seven years ago because he attempts to claim damages for seven years following his purchase of the vehicle. Thus, Plaintiff's TILA claims are barred by the one-year statute of limitations.

### *C. Failure to State a Claim Upon Which Relief Can Be Granted*

In addition to lacking subject matter jurisdiction over Plaintiff's claims as previously discussed, Plaintiff's second amended complaint also fails to state a claim upon which relief can be granted. The very limited facts that Plaintiff sets forth in his second amended complaint suggest nothing other than a garden variety dispute between Plaintiff, the car dealership where he purchased the vehicle, and Defendant financing company in a transaction that occurred years ago.[5]

Count 1 purports to allege a claims for breach of warranty under Conn. Gen. Stat. § 42-225(a). (Doc. 15.) Section 42-225(a) states, "[n]o dealer may make any false, misleading or deceptive statements about the condition or history of any used motor vehicle offered for sale." Plaintiff's sole assertion that appears to go towards his breach of warranty claim is that the warranty was not enforced despite the fact that the dealer charged fees for the warranty. (Doc. 15 at 12.) This assertion is merely a conclusory allegation that does not meet the pleading specificity standard to assert a claim for relief. *See Watts*, 495 F.3d at 1295. More importantly, § 42-225(a) specifically applies to a dealer, and not as here to the finance company. In short, § 42-225(a) has no applicability to the named defendant in this case, Toyota Financial Services, because Toyota Financial is not alleged to be a dealer.

Count 2 purports to allege a claim for fraud and violation of CUTPA. (Doc. 15.) Common law claims of fraud require proof that the defendant knew of the falsity of the

---

[5]Notably, many of Plaintiff's claims seem to be directed towards the car dealership and not Defendant. However, Plaintiff has failed to name the Connecticut dealership, where he purchased the vehicle, as a Defendant in this case.

representation. *Web Press Servs. Corp. v. New London Motors, Inc.*, 203 Conn. 342, 362 (1987). Alternatively, "in addition to establishing a standard of conduct more flexible than traditional common law claims, the expansive language of CUTPA prohibits unfair or deceptive trade practices without requiring proof of intent to deceive, to defraud or to mislead. *Associated Inv. Co. Ltd. P'ship v. Williams Assocs IV*, 230 Conn. 148, 158 (1994). CUPTA provides a broad prohibition against "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. §§ 42-110b(a).

    First, plaintiff does not set forth any facts that suggest Defendant knew of the falsity of any representations made to Plaintiff to establish a sufficient claim of fraud.[6] Second, while a CUTPA violation does not require proof of intent to deceive, defraud, or mislead, the Court is unable to identify the factual allegations Plaintiff asserts under this claim. While Plaintiff asserts general conclusory allegations that Defendant did not inform Plaintiff about the vehicle history or previous owner and that the salesman misled Plaintiff regarding the vehicle's title, Plaintiff fails to assert factual allegations that suggest how the dealership and salesman impute liability to Toyota Financial Services. *See Twombly*, 550 U.S. at 555 (failure to provide factual allegations in support of the claim subjects the claim to dismissal).

---

    [6] Plaintiff asserts that "the salesman misled plaintiff by telling him that the vehicle [had a] branded title without prov[ing] it." (Doc. 15 at 10.) However, this appears to be the only factual assertion Plaintiff makes regarding his fraud allegation and it does not suggest that the statement was false or that the salesman knew it was false. Moreover, Plaintiff has not named the salesman or the dealership as a defendant in this case. Thus, it is unclear from Plaintiff's second amended complaint how the actual defendant in this case committed fraud.

*Case No: 1:15-cv-84-MP-GRJ*

Count 3 purports to allege "Deprivation of due process right of property" based on Conn. Gen. Stat. § 14-62, which prohibits a dealer from selling any used motor vehicle without furnishing to the buyer a valid certificate of title. (Doc. 15.) Again, based on the facts alleged, it is unclear how Defendant imputes this liability to Toyota Financial Services instead of the dealership.

Counts 4 and 7 purport to allege a violation of TILA. (Doc. 15.) As previously discussed, Plaintiff's TILA claims are barred by the one-year statute of limitations for TILA claims. Therefore, Counts 4 and 7 are not claims upon which relief may be granted.

Count 5 purports to allege a violation of Plaintiff's equal rights. (Doc. 15.) Plaintiff claims that the dealer failed to provide plaintiff with details about the vehicle and its title. (Doc. 15 at 4.) However, it is unclear what "equal rights" this failure violated other than Plaintiff's later assertion that Defendant maliciously deprived Plaintiff of his equal rights under the Fourteenth Amendment by denying Plaintiff a title so he could register or sell his property. (Doc. 15 at 15.) Plaintiff's complaint is devoid of any indication as to what specific equal right under the Fourteenth Amendment this violated. Although the Court recognizes that Plaintiff is proceeding *pro se*, the Court does not have license to rewrite Plaintiff's pleadings to adequately identify an equal right under the Fourteenth Amendment to sustain an action. *GJR Invs.,* 132 F.3d at 1369 (the court may not rewrite a *pro se* litigant's complaint to sustain a cause of action).

Count 6 purports to allege a violation of Plaintiff's right to free speech. (Doc. 15.) Quite simply, no where in Plaintiff's second amended complaint does he even remotely

allege any factual allegations suggesting that Defendant violated his right to free speech. It is abundantly clear that Count 6 fails to state a claim upon which relief can be granted.

Finally, in Count 8 Plaintiff purports to allege a violation of Plaintiff's rights as a United States citizen. (Doc. 15.) This Count appears to be nothing more than a catch-all count summarizing Plaintiff's entire complaint. Plaintiff does not point to any Constitutional provisions that would give rise to a valid claim. Therefore, Count 8 also fails to state a claim upon which relief can be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Second Amended Complaint, Doc. 15, should be dismissed because the Court does not have subject matter jurisdiction over the claims and because Plaintiff has failed to state a cause of action upon which may granted.[7]

**IN CHAMBERS** this 3rd day of September 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[7] Plaintiff has been given two opportunities to amend his complaint but has been unable to allege any claims over which the Court would have subject matter jurisdiction. Further, because it is abundantly clear Plaintiff's attempt to bring federal claims against Toyota Financial are long since time barred and that Plaintiff's state law claims—all of which appear to be directed at the dealership where he purchased the vehicle—have no bearing upon Toyota Financial it would be futile to grant Plaintiff another opportunity to file an amended complaint. The dismissal therefore should be with prejudice.

## **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.